UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Neng Por Yang,                                              Civil No. 10-4389 (JRT/FLN)

                Plaintiff,
   v.                                                         **REPORT AND**
                                                **RECOMMENDATION**
Terry Nutter, et al.,

                Defendants.

_____

Plaintiff, *Pro Se*.
James A. Moore for Defendants Terry Nutter and Anthony Leone.
Lonnie F. Bryan for John Doe Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 22, 2011 on a Motion to Dismiss by Defendants John Doe 1 and John Doe 2 (Unknown Agents of the Federal Government) (ECF No. 2) and a Motion to Dismiss by Defendants Terry Nutter and Anthony Leone (Minneapolis Police Officers) (ECF No. 10). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends the motions to dismiss be **GRANTED** and the case be **DISMISSED with prejudice**.

## I. BACKGROUND

On September 27, 2010, Neng Por Yang ("Plaintiff") initiated this action in Hennepin County District Court against Minneapolis Police Officers Terry Nutter and Anthony Leone and two unknown federal agents (John Doe Defendants). (ECF No. 1, Compl.) The John Doe Defendants removed the case to federal court. (ECF No. 1.) Plaintiff asserts the following claims against all Defendants: Fourth Amendment violations pursuant to 42 U.S.C. § 1983 (Unlawful

Arrest, Unlawful Search, Excessive Use of Force, and Unreasonable Seizure) (Count 1); Conspiracy to Violate Civil Rights (Count Two); and Negligent Infliction of Emotional Distress (Count Three).  (Compl. ¶¶ 58-73.)

The instant suit derives from actions by law enforcement officers on November 8, 2004, when Plaintiff was detained after threatening to kill or harm his family. The same incident formed the basis for two previous lawsuits brought by Plaintiff in Hennepin County District Court.

A. **Previous Claims Against Minneapolis Police Officers**

On March 16, 2006, Plaintiff filed a complaint in state district court against Officer Terry Nutter and the Minneapolis Police Department claiming, among other things, that the defendants violated his "IV Amendment Rights in the Constitution." (ECF No. 14, Moore Aff. Ex. 1.) The factual allegations in the complaint related to Plaintiff's interactions with Minneapolis police officers on November 8, 2004. (Moore Aff. Ex. 1.) The body of the complaint described alleged misconduct of Officer Nutter and "his partner," but Officer Leone was not specifically named as a defendant in the lawsuit. (Moore Aff. Ex. 1.)

On January 12, 2007, the Honorable Heidi S. Schellhas granted the defendant's motion for summary judgment, dismissing all claims with prejudice. (Moore Aff. Ex. 3.)  Judge Schellhas held that Plaintiff failed to demonstrate that the Minneapolis police officers "acted contrary to statutory authority, acted unreasonably under the circumstances, or acted with any malice whatsoever." (Moore Aff. Ex. 3 ¶ 19.) In addition, Judge Schellhas found that the Minneapolis Police Department and City of Minneapolis "are vicariously immune from liability" as the officers' conduct was protected by official immunity. (*See* Moore Aff. Ex. 3 ¶¶ 20–21.)

The District Court's decision was upheld by the Minnesota Court of Appeals. *Yang v. Nutter*, 2008 WL 186182 (Minn. Ct. App. Jan. 22, 2008). (Moore Aff. Ex. 4.)

While the appeal in Plaintiff's first case was pending, Plaintiff filed another lawsuit in Hennepin County District Court, on February 20, 2007. (Moore Aff. Ex. 5.) This second lawsuit named the City of Minneapolis as the defendant, but the first line of the body of the complaint read, in part: "This litigation is against a **Minneapolis Police Officer, namely, Anthony Leone, Badge # 4085** . . . ." (emphasis in original). (Moore Aff. Ex. 5.) The complaint also described the conduct of Officer Nutter and the presence of "Federal Agents" during the incident of November 8, 2004. (Moore Aff. Ex. 5.) The defendant brought a motion to dismiss, which was ultimately granted by the Honorable Tony N. Leung on May 17, 2007. (Moore Aff. Ex. 6.) Judge Leung concluded that the second lawsuit was barred by the doctrines of res judicata and collateral estoppel. (Moore Aff. Ex. 6.)[1]

**B.     Current Claims Against Unknown Federal Agents**

In addition to seeking recovery from Officers Nutter and Leone, Plaintiff also seeks damages from unknown federal agents John Doe 1 and John Doe 2 in their individual capacities. (Compl. ¶ 55.) The John Doe Defendants are described in the complaint as follows:

> Defendants John Doe 1 (an African American Federal Agent), and John Doe 2 (a White Caucasian Federal Agent), are as yet unidentified federal officers duly appointed and acting as federal agents of the United States Governments, the F.B.I. etc. Upon information and beliefs John Doe 1 and John Doe are citizens of the United States and residents of the United States and the State of Minnesota.

---

[1] It appears that, on March 12, 2008, Plaintiff also filed an amended complaint under the file number of the first state court suit, which named only the "City of Minneapolis" in the case caption as defendant. (Moore Aff. Ex. 2.) Again, the claims stemmed from the incident on November 8, 2004, but also included factual allegations pertaining to "a black federal agent" and a "Caucasian federal agent." (Moore Aff. Ex. 2.) The amended complaint also referred to Officer Nutter by name, although he was not named as a defendant in the case caption as amended. (Moore Aff. Ex. 2.)

(Compl. ¶ 6.) These federal agents allegedly encountered Plaintiff after Officer Nutter and Officer Leone searched Plaintiff's residence and arrested him on November 8, 2004. (Id. ¶¶ 26 & 28.)

According to the complaint, Officer Nutter and Officer Leone entered Plaintiff's home "without any warrant and acts of provocation by the Plaintiff and his residents." (Compl. ¶ 13.) After entering the residence, the officers allegedly arrested Plaintiff "with the superior backing of the federal agents," and then placed him in a police vehicle. (Compl. ¶ 17.) The complaint explains:

> Officer Nutter placed the Plaintiff in the back of squad vehicle # 420, with the superior authority of John Doe 1, (a Black African American federal agent). The Plaintiff held no conversation with John Doe 1, but believes that John Doe 1 and the officers had a conversation regarding wanting to take the Plaintiff downtown and whether the Officers had found any contraband, weapons, or guns on the Plaintiff.

(Compl. ¶ 26.) Defendants have now moved to dismiss the complaint in its entirety.

## II.     RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III.  LEGAL ANALYSIS

In order to survive the instant motions to dismiss, Plaintiff's claims against Defendants must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiff for the misconduct alleged. *Id.*  Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiff.

**A.     Plaintiff's Claims Against the Minneapolis Police Officers Are Barred by the Doctrines of Res Judicata and Collateral Estoppel.**

Res judicata and collateral estoppel operate to bar subsequent litigation in certain instances. The doctrine of res judicata bars a later suit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved

the same cause of action; and (4) both suits involved the same parties or their privies." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983). On the other hand, under the doctrine of collateral estoppel, a determination is conclusive, and thus barred from relitigation in a subsequent proceeding, if four criteria are met: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Id.* Collateral estoppel (or issue preclusion) is applicable only to "those matters previously at issue which were directly and necessarily adjudicated." *Id.* In contrast, res judicata (or claim preclusion) "bars the relitigation of issues which were actually litigated or which *could* have been litigated in the first suit." *Id.* Neither doctrine may be applied, however, unless "the party against whom the earlier decision is being asserted had a 'full and fair opportunity' to litigate the issue in question." *Id.*, citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481 n. 22 (1982).

Here, all of Plaintiff's claims against the Minneapolis police officers in the instant lawsuit were either raised, or could have been raised, in his prior lawsuits in Hennepin County District Court. In both state court complaints, Plaintiff alleged that his constitutional rights were violated by the search of his person and home and that his seizure on November 8, 2004 was unlawful. The constitutional claims against Officer Nutter in this case are essentially identical to those initially raised against Officer Nutter (and against the Minneapolis Police Department, as amended). Moreover, the reasonableness of the Minneapolis police officers' conduct on November 8, 2004 was addressed and adjudicated on the merits in the initial suit at the time the defendant (Minneapolis Police Department) was granted summary judgment. (Moore Aff. Ex. 3 at 5.) The Minnesota Court of Appeals affirmed the dismissal. (Moore Aff. Ex. 4.) In so ruling, the Minnesota courts specifically found that Officers Nutter and Leone were entitled to official

immunity from Plaintiff's state-law tort claims. (Moore Aff. Ex. 4 at 6–9.) Thus, there has been a final judgment on the merits.[2] Plaintiff was a party in the prior cases, and he had a full and fair opportunity to be heard in the initial lawsuit.

Plaintiff's second lawsuit against the City of Minneapolis contained essentially identical allegations, specifically alleging a Section 1983 claim and constitutional violations by Officer Leone with respect to the same incident on November 8, 2004. (Moore Aff. Ex. 5.) In light of the first state court complaint and the entry of summary judgment in that matter, the Hennepin County District Court dismissed the second suit on res judicata and collateral estoppel grounds.

Because Plaintiff now seeks to assert claims related to the November 8, 2004 incident for a third time, it is clear that his claims are barred. The complaint against Defendants Terry Nutter and Anthony Leone must be dismissed.

**B.     The Claims Against John Doe 1 and John Doe 2 Are Also Barred.**

Even assuming, without deciding, that the claims against the federal agents are not barred by the doctrines of collateral estoppel and res judicata, Plaintiff has failed to assert valid claims against the John Doe Defendants.

> **1.     Plaintiff Has Failed to Allege the Personal Involvement of the John Doe Defendants in Any Violation of His Constitutional Rights.**

First, the factual allegations set forth in the complaint do not demonstrate personal involvement of the unnamed federal officers with respect to any constitutional violation.

It is well-settled that "[l]iability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." *Wilson v. Northcutt*, 441 F.3d 586, 591-92 (8th Cir. 2006). "Only federal officials who actually participate in alleged violations

---

2 Additionally, to the extent that Plaintiff's first state court suit did not include a claim for Negligent Infliction of Emotional Distress (or other torts), such a claim could have been included in his initial suit (though it would have likely failed on the merits for the same reasons), and is thus barred by the doctrine of res judicata.

are subject to a Bivens-type suit." *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988). Thus, there is no respondeat superior liability in such actions; defendants can be liable only for "their personal acts." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998); *see also Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984) (denying leave to amend where the proposed amendment alleged only that the two officials gave "tacit and/or direct approval" to other violations); *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, the plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.")

Here, Plaintiff does not assert that the "personal acts" of the John Doe Defendants amounted to any constitutional violation. He merely alleges that John Doe 1 and 2 appeared to be "superior" officers of Officers Nutter and Leone, allegations tantamount to tacit approval. Such allegations are insufficient to state a claim on which relief may be granted. *See Grady*, 735 F.2d at 305. Although the facts alleged place John Does 1 and 2 in the presence of Plaintiff and Officers Nutter and Leone immediately after the arrest and search, there is no allegation of any constitutional violation by the John Doe Defendants themselves. According to Plaintiff, John Doe 1 and 2 were in their law enforcement vehicles at the time of Plaintiff's arrest and the search of his residence. None of these facts permits an inference that their conduct was causally linked to any alleged Fourth Amendment violation. It appears to the Court that the John Doe Defendants were not personally involved in Plaintiff's arrest or the searches at issue, and the complaint fails to state a claim on this basis.

Plaintiff does not allege that the John Doe Defendants participated in any purported constitutional violation; he claims only that they were "superior" officers to Officers Nutter and

Leone. Since the facts alleged by Plaintiff do not assert the personal involvement of the John Doe Defendants in the acts giving rise to the complaint, the complaint fails to state a claim against them.[3]

### 2. Plaintiff's Negligent Infliction of Emotional Distress Claim Against the John Doe Defendants Is Barred by the FTCA.

Additionally, Plaintiff's tort claim against the John Doe Defendants is barred by the Federal Tort Claims Act ("FTCA").

The FTCA provides, in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). Thus, a federal employee acting within the scope of his employment is immune from tort liability as a result of his alleged negligence.[4] Here, there is no dispute that John Does 1 and 2 were acting within the scope of their employment as law enforcement officers

---

[3] The Court further notes that, even if Plaintiff had properly asserted the personal involvement of the federal agents, the conduct of the Doe Defendants would likely be protected by the doctrine of qualified immunity in light of the finding by the Minnesota courts that the officers involved in the November 8, 2004 incident were performing discretionary acts and were "protected from liability by official immunity." *See Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

[4] Although absolute immunity does not apply to federal employees with respect to *Bivens* actions, the Court has already found that the complaint fails to properly assert constitutional claims against the John Doe Defendants as described above. *See* 28 U.S.C. § 2679(b)(2).

9

at the time of the events giving rise to this suit on November 8, 2004. The claim for Negligent Infliction of Emotional Distress asserted against them must therefore be dismissed.

Because the complaint fails to state a valid claim against the John Doe Defendants, and because Plaintiff's claims against Defendants Nutter and Leone are barred by the doctrines of collateral estoppel and res judicata, Defendants' motions must be granted and this case dismissed with prejudice.

## IV.    RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Motion to Dismiss by Defendants John Doe 1 and John Doe 2 (ECF No. 2) be **GRANTED**;

2. Motion to Dismiss by Defendants Terry Nutter and Anthony Leone (ECF No. 10) be **GRANTED**;

3. This matter be **DISMISSED with prejudice**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: May 27, 2011                              *s/ Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 10, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 10, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.