# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

NENG POR YANG,

Civil No. 10-4389 (JRT/FLN)

Plaintiff,

v.

TERRY NUTTER, *acting in his individual capacity as Minneapolis Police Officer*, ANTHONY LEONE, *acting in his individual capacity as Minneapolis Police Officer*, JOHN DOE 1 and 2, *acting in their individual capacities as Unknown Federal Agents of the United States Government*,

**ORDER ON THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendants.

---

Neng Por Yang, P.O. Box 50383, Minneapolis, MN 55405, pro se plaintiff.

James Anthony Moore, Assistant City Attorney, **MINNEAPOLIS CITY ATTORNEY'S OFFICE**, 350 South Fifth Street, Room 210, Minneapolis, MN 55415, for defendants Terry Nutter and Anthony Leone.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants John Doe 1 and 2.

Plaintiff Neng Por Yang brought this lawsuit against Minneapolis Police Officers Terry Nutter and Anthony Leone in their individual capacities, and against John Doe 1 and John Doe 2, unnamed individuals characterized as Federal Agents of the United States Government ("John Doe defendants"), for violations of his constitutional rights and conspiracy under 42 U.S.C. § 1983, and for negligent infliction of emotional distress.

Because Yang's claims have been litigated, and subjected to final decisions in previous litigation, the Court adopts the Report and Recommendation of the Magistrate Judge except as to one determination, overrules Yang's objections, and grants defendants' motions to dismiss.

## BACKGROUND

On November 8, 2004, Nutter and Leone responded to a call from members of Yang's family regarding Yang's disturbing and potentially dangerous behavior. Yang was restrained and transported to the Hennepin County Medical Center [HCMC] for psychiatric evaluation. On September 27, 2010, Yang filed the instant complaint in Hennepin County District Court, which John Doe defendants removed to federal court. (Docket No. 1.) In his complaint, Yang asserted claims for unlawful arrest, unlawful search, excessive use of force, unreasonable seizure, conspiracy to violate his civil rights, and negligent infliction of emotional distress. (Compl. ¶¶ 58-73, Docket No. 1.)

Yang has previously brought several lawsuits based on the events of November 8, 2004. On March 16, 2006, Yang filed a suit for negligent false arrest in Hennepin County District Court, initially naming Nutter and the Minneapolis Police Department as defendants. (Aff. of James A. Moore, Jan. 21, 2011, Ex. 1, Docket No. 14.) The caption in Yang's amended complaint and subsequent court documents in that suit included only the Minneapolis Police Department as a defendant, although the amended complaint mentions both Nutter and Leone by name in the body of the complaint. (*Id.*, Exs. 2, 3.) Although Yang's precise claims were "difficult to ascertain from his pleadings," the

district court distilled the claims to be "allegations of violation of 42 U.S.C. § 1983 . . . and state law tort claims stemming from [Yang's] transportation to the [HCMC]." (*Id.*, Ex. 3 at 2.).

On January 12, 2007, the state court granted summary judgment to the defendant, which was affirmed on appeal on January 22, 2008. (*Id.,* Exs. 3, 4.) On February 20, 2007 Yang filed another suit in Hennepin County District Court. (*Id.*, Ex. 5.) Although the City of Minneapolis was again the only named defendant, the first line of the complaint stated, "[t]his litigation file is against a Minneapolis Police Officer, namely Anthony Leone . . . ." (*Id.*) This new complaint also essentially alleged violations of § 1983 and state-law tort claims. On May 17, 2007, the state court granted the defendant's motion to dismiss the case, finding the action barred by the doctrines of res judicata and collateral estoppel. (*Id.*, Ex. 6.)

In the instant case, all defendants filed motions to dismiss, arguing Yang's claims were barred by res judicata, collateral estoppel, and the statute of limitations for claims under the Federal Tort Claims Act ("FTCA"). (Docket Nos. 2, 10.) United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation on May 27, 2011, recommending that the Court dismiss all claims against Officers Nutter and Leone based on the doctrines of res judicata and collateral estoppel. (Docket No. 27 at 5-7.) The Magistrate Judge further recommended that the § 1983 claim against the federal agents be dismissed for failure to show the requisite personal involvement in the alleged Fourth Amendment rights violation, and that the negligent infliction of emotional distress

claim be dismissed as barred under the FTCA.   (Docket No. 27.)   Yang filed timely

objections on June 10, 2011, arguing that this suit differs from his previous suits because

he has named Nutter and Leone in their individual, as opposed to official capacities, and

that the judgment of the Court of Appeals was obtained through fraud.   (Docket No. 28.)

This Court reviews the challenged portions of a Report and Recommendation *de novo*

under 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.2.

## ANALYSIS

## I.      STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court

considers all facts alleged in the complaint as true, and construes the pleadings in a light

most favorable to the non-moving party.   *See, e.g.*, *Bhd. of Maint. of Way Emps. v.*

*Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam).   To survive

a motion to dismiss, however, a complaint must provide more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).   That is, to avoid dismissal, a complaint must include "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Id.*

(internal quotation marks omitted).   "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."   *Id.*   "Where a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility[,]'" and therefore must be dismissed. *Id.* (quoting *Twombly,* 550 U.S. at 557).

## II.    CLAIMS AGAINST NUTTER AND LEONE

Res judicata operates to bar subsequent litigation when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983); *Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 220 (Minn. 2007). Res judicata bars the relitigation of issues which were actually litigated or **could** have been litigated in the first action. *Id.*

Collateral estoppel, or issue preclusion, on the other hand, bars issues from relitigation in subsequent proceedings when:

> (1) the party sought to be precluded in the second suit [was] a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded [is the] same as the issue involved in the prior action; (3) the issue sought to be precluded [was] actually litigated in the prior action; (4) the issue sought to be precluded [was] been determined by a valid and final judgment; and (5) the determination in the prior action was essential to the prior judgment.

*Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010). The Magistrate Judge recommended that the Court find Yang's claims against Nutter and Leone barred by both res judicata and collateral estoppel because all of the issues relating to Nutter and Leone's conduct in this suit have been, or could have been raised in his previous lawsuits. Yang objects to the Magistrate Judge's recommendation because the current complaint names

Nutter and Leone in their individual capacities, rather than as agents of the City.  Yang also argues that the judgment of the Minnesota Court of Appeals was reached through fraud.  (Docket No. 28 at 2-6.)

The Court finds the Magistrate Judge correctly determined that res judicata bars Yang's claims.  Officer Nutter was initially named as a defendant in Yang's first lawsuit filed in state court, but his amended complaint listed only the City of Minneapolis as a defendant, indicating that Yang either voluntarily dismissed Nutter from the case or did not properly identify whom he intended to sue in the caption.  (Moore Aff., Ex. 1.) Though Leone was not included in the caption of Yang's second case, Yang's complaint explicitly stated, "[t]his litigation file is against a Minneapolis Police Officer, namely, Anthony Leone."  (*Id.*, Ex. 5.)  Yang was clearly aware of Nutter and Leone at the time he filed his first and second lawsuits and knew that they were involved in the November 8, 2004 incident, as he identified Nutter and Leone[1] in his complaints in both cases.  (*Id.*, Exs. 1, 2, 5.)  The first case terminated in a final judgment on the merits and was based on proper jurisdiction.  (*Id.*, Ex. 4.)

Further, the cases involve the same cause of action (state law claims and a § 1983 action), and the same parties.  In the first action, Yang alleged that his constitutional rights were violated by the search of his person and home, and that his seizure on November 8, 2004 was unlawful.  The Court of Appeals affirmed the district court's grant of summary judgment as to the reasonableness of the officers' conduct.  The second

---

[1] Yang's initial complaint refers to Leone as "Nutter's partner," however his amended complaint mentions Leone by name.  (*See* Moore Aff. Ex. 2 ¶ 25.)

- 6 -

lawsuit involved nearly identical allegations, specifically a § 1983 action and constitutional violations by Leone with respect to the November 8, 2004, incident. (*Id.*, Ex. 5.)  Because the first case resulted in a final judgment on the merits, involved the same causes of action, and involved the same parties, res judicata bars Yang's claims against Nutter and Leone.[2]

Further, even if res judicata were not implicated, collateral estoppel applies because the issues raised are identical to those in Yang's prior cases which were actually litigated. Finally, while res judicata and collateral estoppel may not apply if the prior judgment was obtained through fraud, *see Halloran v. Blue & White Liberty Cab Co.*, 92 N.W.2d 794, 798 (Minn. 1958), Yang does not offer any facts to support this allegation and no evidence in the case suggests fraud.  Thus the Court grants Nutter and Leone's motion to dismiss.

## III.    CLAIMS AGAINST JOHN DOE 1 AND 2

Yang's complaint alleges that the John Doe defendants were "in charge of [Officers Nutter and Leone]" and supervised their actions on November 8, 2004.  (Docket No. 1.)  The Magistrate Judge recommended finding the facts pled in the complaint are insufficient to maintain a cause of action based on personal involvement by the federal

---

[2] Res judicata also applies because it bars claims that **could** have been litigated.  *Lovell*, 719 F.2d at 1376.  That Yang brought the instant claim against Nutter and Leone in their individual capacities does not change the res judicata analysis since he could have done so in the earlier action.

agents in the alleged § 1983 violation.  Yang objects that his complaint alleges sufficient facts to support a claim.

"Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed."  *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).  Federal agents are only liable for their personal acts.  *Buford v. Runyon*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998).   There is no respondeat superior liability in a § 1983 action.  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Yang's complaint contains factual allegations concerning the federal agents' personal involvement in Yang's arrest and transport to HCMC.  For example, Yang alleges that "it was these federal agents and Officer Nutter that had transported the Plaintiff to detention at [HCMC] Psych Ward." (Notice of Removal, Ex. A. ¶ 33, Docket No. 1.)  Because Counts 1 and 2 of Yang's complaint concern being placed in police custody and an unwilling transfer to HCMC in which the federal agents participated, the factual allegations contained in the complaint may be able to satisfy the pleading requirements of 12(b)(6) and *Twombly*.  Therefore, the Court does not adopt the Report and Recommendation to the extent the Magistrate Judge recommends finding Yang's pleadings insufficient.[3]

However, potentially adequate pleadings are immaterial to the application of collateral estoppel.  Yang was clearly a party to the earlier lawsuits.  As discussed above,

---

[3] This discussion does not represent a determination as to whether Yang's claims against John Doe defendants were properly plead.  The Court instead rests its judgment on collateral estoppel, which bars Yang's claims against John Doe defendants.

the issues in this case are the same as in prior litigation, though they are asserted against additional parties.  The state court determined that Yang's Fourth Amendment and state-law claims failed because Nutter and Leone were entitled to qualified and official immunity for their actions, which was affirmed on appeal.  (Moore Aff., Ex. 3 at 5 ¶ 5; *id.*, Ex. 4.)  The state court also found that no genuine issue of material fact exists as to whether Nutter and Leone's actions were reasonable.  (Moore Aff. Ex. 3 at 5 ¶ 9.)  Yang's current complaint does not allege actions by the federal agents constituting violations other than those he previously alleged against Nutter and Leone which were found to be reasonable and not constitutional violations.  Thus, the issue of whether any action taken by any party on November 8, 2004 represented a violation of constitutional rights or state laws has actually been litigated and resolved.  Even though the previous cases did not go to trial, Yang had a full and fair opportunity to be heard: he litigated his claims for constitutional and state-law violations arising from the November 8, 2004 incident at the summary judgment stage.  *Cf. Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 940 (8th Cir. 2000) (discussing the "full and fair opportunity to be heard" element of collateral estoppel).  The state court's dismissal was affirmed by the Minnesota Court of Appeals, and the window for further appeal has closed.  As a result, the judgment by the Minnesota Court of Appeals is final and valid for this Court.  *See* Minn. R. Civ. App. P. 117 subd. 1; *see also* 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96, (1980) (finding that "all federal courts [must] give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged

would do so . . .").  Thus, collateral estoppel applies to bar Yang's claims against the unnamed federal agents.

Yang also brought a claim for negligent infliction of emotional distress against the John Doe defendants.  The FTCA provides the exclusive remedy for negligent infliction of emotional distress by federal employees acting within the scope of their employment. *See Shqeirat v. U.S. Airways Grp., Inc.*, 645 F. Supp. 2d 765, 780-81 (D. Minn. 2009) (citing 28 U.S.C. §§ 1346(b)(1), 2671-80).  The FTCA provides, in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).  Thus, under the FTCA a federal employee acting within the scope of employment is immune from state tort liability as a result of alleged negligence. No evidence suggests that John Doe defendants acted outside the scope of employment as law enforcement officers.

Furthermore, the FTCA requires that an individual exhaust all administrative remedies before filing a claim in federal court.  28 U.S.C. § 2675(a) ("[C]laimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .").  Though Yang did so by filing an administrative claim with the Federal Bureau of Investigation ("FBI") which was denied,

(Notice of Removal, Ex. A at 38), a six month statute of limitations applies to claims brought under the FTCA after exhaustion of administrative remedies.   28 U.S.C. § 2401(b).  Yang received the written denial from the FBI on January 22, 2010, but did not file his complaint until September 27, 2010, more than six months later.  (Notice of Removal Ex. A at 38.)  As a result, Yang's claim for negligent infliction of emotional distress by John Doe defendants is barred by the six-month statute of limitations provided in 28 U.S.C. § 2401(b).

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Franklin L. Noel with the exception of the determination that Yang's pleadings were insufficient [Docket No. 27] and **OVERRULES** Yang's objections [Docket No. 28].   Accordingly **IT IS HEREBY ORDERED** that:

1.    John Doe defendants' Motion to Dismiss [Docket No. 2] is **GRANTED**.

2.    Terry Nutter and Anthony Leone's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 10] is **GRANTED**.

3.    This case is **DISMISSED** with prejudice

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 14, 2011                      s/ John H. Tunheim
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                        United States District Judge